IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | | |
|---|---|---|
| IN RE: | * | |
| | * | |
| MORRIS C. SEARS d/b/a | * | CASE NUMBER |
| ABBA BONDING | * | 09-11053 |
| | * | |
| | * | |
| Debtors. | * | |
| | * | |
| LYNN HARWELL ANDREWS, | * | |
| TRUSTEE | * | |
| | * | ADV. NO. |
| Plaintiff, | * | |
| | * | |
| vs. | * | |
| | * | |
| MORRIS C. SEARS DBA | * | |
| ABBA BONDING; MORRIS C. SEARS | * | |
| DBA LCM INVESTMENT GROUP; | * | |
| THERESA RANZ; DEAN SHELDON; | * | |
| ROBERT M. BARNHART, JR.; DOUG | * | |
| DOUGLAS AKA DARRELL DOUGLAS; | * | |
| THOMAS MEHAFFEY; FLETCHER | * | |
| MILLER; LINDA FINDLEY; SYLVIA | * | |
| SHIVER; MERLIN A. MARTIN, JR. AKA | * | |
| BUD MARTIN; DAWN CALDWELL; | * | |
| KENNETH ADAMS INDIVIDUALLY; | * | |
| KENNETH ADAMS for MOW CLAN; | * | |
| KENNETH ADAMS D/B/A LCM | * | |
| INVESTMENT GROUP; WILLIAM | * | |
| YOUNGS; PEGGY ADAMS; R.E. | * | |
| PROKOPOWICZ AKA SKI | * | |
| PROKOPOWICZ; DAVID SEWELL; | * | |
| JULIE STANHOPE; LYNN HOGG; | * | |
| MELODY ZICH; JOEL D. HENDERSEN | * | |
| D/B/A THE MANDATE GROUP; | * | |
| STEPHEN J. ODHAM; PAMELA J. | * | |
| JOHNSON; LURLENE MCGUIRE DBA | * | |
| LURLENE'S HAIR AFFAIR; MARK R. | * | |
| NICOLAISON; EDWIN AUTH; GREG | * | |
| CASEY; JOSEPH MARTIN; | * | |
| SCOTTRADE, INC. | * | |

     Defendants.

## JURISDICTIONAL ALLEGATIONS

1. This is an adversary proceeding seeking relief pursuant to Rule 7001(1) of the Federal Rules of Bankruptcy Procedure.

2. Plaintiff has standing to bring this action pursuant to Sections 543, 548, 550, 551 of the Bankruptcy Code.

3. This Court has jurisdiction over the subject matter of this adversary proceeding pursuant to 28 U.S.C. §1334 and 28 U.S.C. §157.

4. Venue is proper in this district pursuant to 28 U.S.C. §1409(a).

5. This adversary proceeding arises in or is related to the instant Bankruptcy under Chapter 7 of the Bankruptcy Code. This action constitutes a core proceeding over which this Court has jurisdiction under 28 U.S.C. §157(b)(2)(A) and (H).

## PARTIES AND FACTUAL ALLEGATIONS

6. Plaintiff ("Trustee") is the duly appointed and acting Chapter 7 Trustee.

7. Defendant, Morris C. Sears d/b/a/ Abba Bonding, is the Debtor in the above referenced proceeding.

8. Upon information and belief Defendant, Theresa Ranz lives in the same household as Defendant, Morris C. Sears. Morris C. Sears alleges that Theresa Ranz is his common law wife. Theresa Ranz is an insider as defined under the Bankruptcy Code.

9. Those certain individuals named as Defendants in this action as listed in the style of this action, Theresa Ranz and LCM Investment Group claim an interest in the funds in a certain Scottrade, Inc. account listed on schedule B of Debtor's Bankruptcy Schedules.

10. Upon information and belief, LCM Investment Group claims to be a "hedge fund" investment group. Upon information and belief, LCM Investment Group is a trade name of Morris C. Sears.

11. Scottrade, Inc. is an investment brokerage entity.

12. The Debtor commenced this proceeding by the filing of a Voluntary Petition under Chapter 11 of the Bankruptcy Code on March 5, 2009. This court entered an Order converting the Chapter 11 proceeding to a Chapter 7 proceeding of the Bankruptcy Code on July 22, 2009.

13. Debtor listed a certain Scottrade, Inc. account on Schedule B of his Bankruptcy Petition as an asset owned jointly by he and Theresa Ranz with a value of $62,000.00 on March 5, 2009, the date the Chapter 11 petition was filed. Debtor listed the same Scottrade, Inc. account on Schedule B of his Chapter 7 Bankruptcy Petition as an asset owned jointly by he and Theresa Ranz with a value of $5338.00 on August 6, 2009, the date the Chapter 7 conversion petition was filed.

14. Upon information and belief Theresa Ranz is the recipient of funds in a Scottrade, Inc. account transferred by Debtor/Defendant, Morris C. Sears.

**FIRST CAUSE OF ACTION**

15. Trustee realleges and incorporates herein as if fully stated, the allegations contained in paragraphs 1 through 14 above.

16. The transfers were made with the actual intent to hinder, delay or defraud any entity to which Debtor was or became, on or after the date that the transfer was made, indebted.

17. The transfers are voidable by the Trustee pursuant to 11 U.S.C. § 548(a)(1)(A) and recoverable by the Trustee for the benefit of creditors under 11 U.S.C. § 550(a)(1) or § 550(a)(2).

WHEREFORE, the Trustee requests an order setting aside the transfers to Defendant as fraudulent under 11 U.S.C. § 548(a)(1)(A); an order preserving the avoided transfer for the benefit of the Bankruptcy Estate pursuant to 11 U.S.C. § 551; an order for the recovery of the property transferred pursuant to 11 U.S.C. § 550(a)(1) or § 550(a)(2); and for a judgment

for costs of this action and for such other and further relief as is just.

## SECOND CAUSE OF ACTION

18. Trustee realleges and incorporates herein as if fully stated, the allegations contained in paragraphs 1 through 17 above.

19. Debtor received less than reasonably equivalent value in exchange for the transfers; and Debtor was insolvent on the date the transfers were made or became insolvent as a result of the transfers.

20. The transfers are voidable by the Trustee pursuant to 11 U.S.C. § 548(a)(1)(B) and recoverable by the Trustee for the benefit of creditors under 11 U.S.C. § 550(a)(1) or § 550(a)(2).

WHEREFORE, the Trustee requests an order setting aside the transfers to Defendant as fraudulent under 11 U.S.C. § 548(a)(1)(B); an order preserving the avoided transfers for the benefit of the Bankruptcy Estate pursuant to 11 U.S.C. § 551; an order for the recovery of the property transferred pursuant to 11 U.S.C. § 550(a)(1) or § 550(a)(2); and for a judgment for costs of this action and for such other and further relief as is just.

## THIRD CAUSE OF ACTION

21. Trustee realleges and incorporates herein as if fully stated, the allegations contained in paragraphs 1 through 20 above.

22. The Trustee seeks this Court to declare the legal and rightful owner(s) of the funds and/or securities in the subject Scottrade, Inc. account.

23. The Trustee seeks this Court to declare that portion of funds and/or securities in the subject Scottrade, Inc. account the Bankruptcy Estate owns representing the commission Morris C. Sears is entitled to receive on investments made for certain individuals in his capacity as Morris C. Sears d/b/a LCM Investment Group.

WHEREFORE, the Trustee requests issuance of a declaratory judgment establishing the legal and rightful owner(s) of the funds and/or securities in the subject Scottrade, Inc. account and a declaratory judgment establishing that portion of the funds and/or securities in the subject Scottrade, Inc. account the Bankruptcy Estate owns representing the commission Morris C. Sears is entitled to receive on investments made for certain individuals in his capacity as Morris C. Sears d/b/a LCM Investment Group.

### FOURTH CAUSE OF ACTION

24. Trustee realleges and incorporates herein as if fully stated, the allegations contained in paragraphs 1 through 23 above.

25. Defendant Scottrade, Inc. is a custodian with knowledge of the commencement of this bankruptcy proceeding having possession, custody and control of property of the Bankruptcy Estate of Morris C. Sears.

26. The Trustee seeks this Court to command Defendant, Scottrade, Inc. pursuant to 11 U.S.C. §543, to immediately deliver to the Trustee, and account for, such personal property or the value of such property this Court declares to be property of the Bankruptcy Estate.

WHEREFORE, Trustee requests an order pursuant to 11 U.S.C. §543 commanding Defendant, Scottrade, Inc. to immediately deliver to the Trustee, and account for, such personal property or the value of such property this Court declares to be property of the Bankruptcy Estate and the Trustee prays for such other and further relief as is just.

/s/ Terrie S. Owens  
TERRIE S. OWENS  
Attorney for Lynn Harwell Andrews  
Post Office Box 3123  
Mobile, Alabama 36652-0321  
(251) 433-3657